### Elmer F. Argast d/b/a The Winhall Trust v. State Environmental Board

[463 A.2d 214]

No. 82-234

Present: Billings, C.J., Hill, Underwood and Gibson, JJ., and Keyser, J. (Ret.), Specially Assigned

Opinion Filed April 21, 1983

*Bruce M. Lawlor,* Springfield, for Plaintiff-Appellant.

*John J. Easton, Jr.,* Attorney General, and *J. Wallace Malley, Jr.,* and *Merideth Wright,* Assistant Attorneys General, Montpelier, for Defendant-Appellant.

**Underwood, J.** This case arises out of the payment of $12,000 by the plaintiff to the State Environmental Board [Board] in connection with the processing of an Act 250 application. The plaintiff, seeking a refund, brought suit in Washington County Superior Court. He argued that the assessment was a tax which the Board had no authority to levy. The Board argued that the assessment was a legitimate fee. The court agreed

with the latter and dismissed the plaintiff's complaint. The plaintiff appeals this decision.

On appeal the plaintiff argues, inter alia, that the lower court's decision is not supported by its findings of fact. We agree and hold that the court's failure in this regard constitutes reversible error.

Briefly stated, the facts are as follows. Sometime in 1973 the plaintiff developed a plan to construct a $12,000,000 inn and conference center on his land in Winhall, Vermont. In connection therewith, he undertook to complete and submit an application for a land use permit to the District Environmental Commission [Commission] under the provisions of 10 V.S.A. ch. 151 (Act 250). Pursuant to Rule 8 of the rules and regulations of the Board, the plaintiff was required to pay a $12,000 fee in connection with the application. This fee was determined as being one dollar for each $1,000 of the estimated $12,000,000 project value. The plaintiff petitioned the Board to waive this fee, but his petition was denied.

On April 26, 1974, the plaintiff submitted his Act 250 application together with a $12,000 check. Thereafter, on July 10, 1974, the Commission denied the plaintiff's request for a land use permit, stating that his project failed to meet the criteria of 10 V.S.A. § 6086(a). The plaintiff appealed this decision to the Bennington County Superior Court. On January 9, 1976, the court, following a de novo trial, granted him a land use permit for a period of 48 months. However, subsequent financial difficulties led to the collapse of the project.

On February 9, 1978, following the collapse of the project, plaintiff filed suit in Washington County Superior Court seeking a refund of the $12,000 application fee. The case went to the court on a stipulation of facts for trial. On January 15, 1982, the court issued its findings of fact, conclusions of law and order. It found for the Board and determined the assessment in question to be a valid fee and not a tax.

The court's decision that the assessment was a fee and not a tax was based upon its conclusion that:

> [The plaintiff] has not met the burden of showing that the fee is intended to generate revenue rather than simply cover the anticipated cost of processing the permit. The evidence before the court indicates that the costs of proc-

essing an Act 250 permit increases with the size and complexity of the project. Although unable, because of the lapse of time, to reconstruct exactly how much time was spent by the agency and its staff members on this particular permit, the state demonstrated that the size of the plaintiff's proposed project necessitated a great deal of time and expense. It is clear, therefore, that a sufficiently reasonable relationship existed between the charges assessed and the services rendered by the commission to preclude a conclusion that the fee was intended to generate revenue.

Although this conclusion is critical to the court's decision, a thorough review of the findings of fact reveals that they do not support it. There are no findings to support the conclusions that: "the cost of processing an Act 250 permit increases with the size and complexity of the project"; the "proposed project has necessitated a great deal of time and expense"; and a "reasonable relationship existed between the charges assessed and the services rendered by the commission."

The purpose of findings is to make a clear statement to the parties and to this Court of what was decided and how the decision was reached. *Valsangiacomo* v. *Paige & Campbell, Inc.*, 136 Vt. 278, 280, 388 A.2d 389, 390 (1978) (citing *Wells* v. *Village of Orleans, Inc.*, 132 Vt. 216, 221, 315 A.2d 463, 466 (1974)). As we stated in *Standard Packaging Corp.* v. *Goodrich*, 131 Vt. 57, 59, 300 A.2d 541, 543 (1972), findings of fact made under V.R.C.P. 52 must state the facts essential to the disposition of the cause. The trial court's failure to do so in the instant case mandates reversal. *VanVelsor* v. *Dzewaltowski*, 136 Vt. 103, 106, 385 A.2d 1102, 1104 (1978).

*Reversed and remanded.*