# Anne P. Vieweger, Administratrix of Estate of F. A. Vieweger v. George Clark, Gertrude Clark and Gertrude Clark, Administratrix of Estate of Frank Clark

[481 A.2d 1268]

No. 384-80

Present: Billings, C.J., Hill and Peck, JJ., and Larrow, J. (Ret.) and Costello, D.J. (Ret.), Specially Assigned

Opinion Filed August 3, 1984

*Rice and Knosher* and *Anthony E. Otis*, Montpelier, for Plaintiff-Appellant.

*Shireen Avis Fisher*, East Hardwick, for Defendant-Appellee.

Billings, C.J. Plaintiff-appellant appeals from a judgment of the Orleans Superior Court dismissing, on its merits, her suit against the defendant-appellee. Plaintiff, as administratrix of the estate of F. A. Vieweger, instituted a contract action in 1977, claiming that the defendant, in her own capacity and as administratrix of the estates of her brothers, George and Frank,* owed Vieweger $2,560 for land surveying work.

In August, 1974, the Clarks and Vieweger, a licensed surveyor, entered into an oral contract. The Clarks were involved in a civil suit, which concerned a boundary line dispute involving two lots of land in Albany, Vermont. Under the terms of the oral contract, Vieweger agreed to survey the disputed land area and to provide a survey map and prelitigation assistance for the Clarks' case.

In late summer of 1974, Vieweger came to Albany and performed five days of on-site surveying work. A preliminary survey map was prepared and given to the Clarks' attorney. Vieweger informed the attorney, by letter, that the map was not final and more field work would have to be done. The Clarks paid Vieweger $800 which, according to Vieweger's invoice, represented payment for "services rendered to date."

Trial in the boundary dispute was scheduled for September, 1975. The Clarks asked Vieweger to come to Vermont a number of days prior to trial so that he could meet in the area of the disputed boundary line with the Clarks' attorney and the attorney and surveyor for the opposing party. Although Vieweger apparently did arrive in Vermont some five days before trial, he did not attend the on-site meeting and did not contact the Clarks' attorney until the evening before the trial. At a meeting with the Clarks' attorney on the morning of the trial,

---

* Plaintiff brought suit against George Clark, in his own capacity and as administrator of the estate of his brother, Frank, and Gertrude Clark. Prior to trial, George Clark died and Gertrude Clark became the administratrix of his estate and substitute administratrix of Frank Clark's estate.

Vieweger showed the attorney a new, final survey map but would not let the attorney touch it or keep it and would not allow a copy to be made for either the Clarks or the opposing side. The Clarks' attorney testified at trial below that Vieweger allowed him to view the map for approximately fifteen minutes. Based on his cursory review of the map and his own on-site familiarity with the land under dispute, the attorney determined that the map was fraudulent. As a result, the attorney notified the court and withdrew the suit.

In October, 1975, the Clarks received a bill from Vieweger in the amount of $2,560 for "survey and map of land in Albany, Vermont." Vieweger's administratrix testified below that she was unaware any survey map other than the 1974 preliminary map existed. The trial court concluded that the plaintiff was not entitled to recover the $2,560 because Vieweger failed to provide the defendants with a final survey map and failed to cooperate with them in their suit against Daniels. Plaintiff contends that the findings and conclusions are unsupported by the evidence and are inadequate as a matter of law.

■■ A party who, on appeal, challenges the findings and conclusions of a court below has a difficult burden to overcome. This is because we accord great deference to the judgment of the court, see *State Equipment Corp.* v. *Robinson*, 138 Vt. 303, 305, 415 A.2d 224, 226 (1980) ("[e]very reasonable intendment is to be made in support of the [court's] judgment....."), and will not set aside the court's findings unless, taking the evidence in the light most favorable to the prevailing party and excluding the effects of modifying evidence, they are clearly erroneous. V.R.C.P. 52(a); *Gramatan Home Investors Corp.* v. *Starling*, 143 Vt. 527, 532, 470 A.2d 1157, 1160 (1983). Even when there is substantial evidence to the contrary, the findings must stand if supported by credible evidence. *In re Norris Trust*, 143 Vt. 325, 327, 465 A.2d 1385, 1387 (1983).

■ A review of the record before us demonstrates that the findings of the court are plainly supported by the evidence, and that they clearly justify the court's judgment. The Clarks bargained for a final survey map for evidentiary use in their suit against Daniels; the preliminary map for which the Clarks paid $800 was merely the first step towards the final map. They never received a final map and, as a consequence, were

forced to drop their suit. The bill from Vieweger for $2,560 was for services which the court properly found were never rendered.

The purpose of findings is to make a concise statement to the parties, and to this Court if an appeal is taken, of what was decided and how the decision was reached. *Argast* v. *State Environmental Board*, 143 Vt. 84, 86, 463 A.2d 214, 215 (1983) ; *Arnold* v. *Arnold*, 141 Vt. 118, 120, 444 A.2d 890, 891 (1982). After reading the transcript, we think the findings rendered below clearly and precisely track the relationship of the parties, the obligations undertaken by each side, the sequence of events from the time of the making of the oral contract up to the day of the trial, and the logical conclusions to be drawn therefrom.

*Affirmed.*