**Ralph E. Cota, Raymond Busier, Muriel Brown, Ruby Craig, Lars Gilbertson and Magnhild Gilbertson v. Town School District of Starksboro and the Town of Starksboro**

[481 A.2d 1267]

No. 84-077

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed August 3, 1984

Motion for Reargument Denied August 30, 1984

634

*Lynch & Foley, P.C.*, Middlebury, for Plaintiffs-Appellants.

*Langrock Sperry Parker & Wool*, Middlebury, for Defendants-Appellees.

Billings, C.J. Plaintiffs-appellants appeal from an order of the Addison Superior Court that affirmed the result of a vote taken by the voters of the Town of Starksboro and the Starksboro School District on August 27, 1983. On June 3, 1983, voters of the town and town school district voted in favor of the issuance of bonds for the purpose of financing the construction of an addition and other improvements to the town's elementary school. Pursuant to a properly filed petition requesting reconsideration and rescission of the June 3rd vote, 17 V.S.A. § 2661, another vote on the bonding issue was held on August 27th. The results of that balloting were 251 against rescission and 247 for rescission.

Following the August 27th vote, the plaintiffs instituted an action in the superior court, 17 V.S.A. § 2603(a), (b)(1), requesting the court to declare the results of the August 27th vote invalid. Specifically, the plaintiffs contended that seven voters at the August 27th balloting were not legal residents of the town and, therefore, their votes were of no legal effect. After a hearing before the court, the court ruled that five of the votes cast on August 27th were illegal. Subsequently, plaintiffs and the defendant town and town school district stipulated that four of the illegal votes had been cast in opposition to rescission, and one of the illegal votes had been cast in favor of rescission. After subtracting the four votes from the total number of votes cast in opposition to rescission, and the one vote from the total number cast in favor of rescission, see *Appleget* v. *Baird*, 126 Vt. 503, 509, 236 A.2d 671, 675 (1967) (if illegally cast votes affect election results, "the election is not set aside, but the result is corrected"), the court found

that the results of the August 27th election were 247 against rescission and 246 for rescission. Because the removal of the illegal votes was not sufficient to change the result of the August 27th balloting, the court dismissed the plaintiffs' challenge.

On appeal, plaintiffs contend that while the trial court made findings respecting the residency of five of the seven contested voters, the court failed to make findings respecting the residency of the other two challenged voters. The plaintiffs had specifically requested the court to make findings on the issue of the residency of these two voters following the hearing below.

■ "In all actions tried upon the facts without a jury . . . the court *shall*, upon request of a party . . . find the facts specially . . . ." V.R.C.P. 52 (a) (emphasis added). By making findings, the court provides guidance to the parties as to the reasons for its judgment, and critical assistance to this Court, on appeal, as to what was decided and how the decision was reached. *Valsangiacomo* v. *Paige & Campbell, Inc.*, 136 Vt. 278, 280, 388 A.2d 389, 390 (1978).

■■ Where a finding of fact is essential to the disposition of the cause, the court must make that finding as a matter of law. *American Trucking Associations, Inc.* v. *Conway*, 142 Vt. 17, 23, 451 A.2d 42, 45 (1982). Here, it is unarguably the case that findings as to the residency of the remaining two challenged votes could change the August 27th voting results in favor of the plaintiffs' challenge. As such, it was reversible error to fail to make such findings.

*Reversed and remanded.*