# Lloyd and Gyneth Bevins v. Harrison and Madeline King

[514 A.2d 1044]

No. 84-439

Present: **Hill, Peck, Gibson and Hayes, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed June 27, 1986

*Brown, Cahill & Gawne*, St. Albans, for Plaintiffs-Appellees.

*Douglas DeVries*, Enosburg Falls, and *Michael Rose*, St. Albans (On the Brief), for Defendants-Appellants.

**Hill, J.** This case comes before us for the second time. Plaintiffs initially filed suit in June 1980 seeking damages for breach of contract and misrepresentations in connection with their purchase of a gasoline station and related personal property from defendants in October 1975. At trial, defendants were not allowed to amend their pleadings to raise the four-year statute of limitations defense applicable to actions brought under Article 2 of the Uniform Commercial Code (UCC). 9A V.S.A. § 2-725. The jury subsequently returned a verdict for the plaintiffs, and defendants appealed. We reversed on the ground that plaintiffs failed to demonstrate that they would have been prejudiced by the amendment. *Bevins* v. *King*, 143 Vt. 252, 256, 465 A.2d 282, 284 (1983).

On remand, plaintiffs refashioned their pleadings to allege fraud, misrepresentation, and unjust enrichment. Defendants filed a motion to dismiss Counts I, II, III and V of the complaint on the grounds that they were governed by the UCC and barred by the four-year statute of limitations. The trial court granted defendants' motion, relying on *Aube* v. *O'Brien*, 140 Vt. 1, 433 A.2d 298 (1981) (plaintiffs' allegations of fraudulent misrepresentation of the condition of the goods did not take the claims outside the UCC sales contract statute of limitations). It subsequently found for the plaintiffs on Counts IV and VI, and entered judgment on their behalf. Defendants appeal. Plaintiffs cross-appeal the court's dismissal of Counts I, II, III and V. We affirm.

I.

We agree that Counts I, II, III and V of plaintiffs' amended complaint were time-barred under the UCC statute of limitations. To be sure, a single transaction may give rise to multiple causes of action; although some may be time-barred, others may not. See *Aube* v. *O'Brien, supra*, 140 Vt. at 2-3, 433 A.2d at 299. In order to create an independent cause of action in fraud, however, the claim must be based on tortious conduct of the seller. See *Z. D. Howard Co.* v. *Cartwright*, 537 P.2d 345, 347 (Okla. 1975). In other words, the fraud must be extraneous to the contract, rather than a fraudulent nonperformance of the contract itself. *Foodtown* v. *Sigma Marketing Systems, Inc.*, 518 F. Supp.

485, 490 (D.N.J. 1980); *Closed Circuit Corp. of America* v. *Jerrold Electronics Corp.,* 426 F. Supp. 361, 364 (E.D. Pa. 1977).

In *Union Bank* v. *Jones,* 138 Vt. 115, 122, 411 A.2d 1338, 1343 (1980), we recognized that principles of contract and principles of fraud must be kept separate and distinct for "[i]f every broken promise were to constitute fraud, . . . the resulting instability would severely impair the conduct of business." See also *Hertz Commercial Leasing Corp.* v. *LMC Data, Inc.,* 73 Misc. 2d 1009, 1013, 343 N.Y.S.2d 689, 694 (Civ. Ct. 1973) ("If a party could simply, by alleging that a contracting party never intended to fulfill his promise, create a tortious action in fraud, there would be no effective way of preventing almost every contract case from being converted to a tort for jurisdictional purposes.").

■ We reaffirm this statement and find it to be controlling here. In essence, plaintiffs have attempted to convert what is an action for breach of warranty into an action for fraud by calling defendants' representations misrepresentations of existing fact. Counts I, II, III, and V all focused on the parties' agreement, and the defendants' failure to deliver the goods in the condition warranted. Plaintiffs' cause of action arising thereunder is for breach of contract or breach of warranty under the Uniform Commercial Code, and it is controlled by the Code's four-year statute of limitations. See 9A V.S.A. § 2-725. To hold otherwise would defeat the whole purpose of 9A V.S.A. § 2-725 which is "[t]o introduce a uniform statute of limitations for sales contracts . . . ." 9A V.S.A. § 2-725 Uniform Laws Comments; see also *Closed Circuit, supra,* 426 F. Supp. at 364 (A party "cannot remove . . . transactions from the ambit of the Commercial Code to the area of tortious conduct simply by making general allegations of fraud.").

## II.

Defendants contend that, in considering those counts in plaintiffs' complaint sounding in tort, the trial court failed to apply the correct standard of proof and that such failure constitutes reversible error. In making this argument, defendants rely solely on the trial court's failure to state on the record that it applied the clear and convincing standard of proof applicable to actions for fraud. See *Bardill Land & Lumber, Inc.* v. *Davis,* 135 Vt. 81, 370 A.2d 212 (1977).

■ The defendants do not contest any of the court's stated findings, and therefore they are binding. *Rule* v. *New Hampshire-Vermont Health Service,* 144 Vt. 323, 325, 477 A.2d 622, 623 (1984). While it is true that a misapplication of the law to unchallenged findings is subject to corrective appellate review, *Bolduc* v. *Coffin,* 133 Vt. 67, 69, 329 A.2d 655, 656 (1974), the party challenging the court's conclusions must overcome the great deference we give to the judgment of the court below. *Vieweger* v. *Clark,* 144 Vt. 630, 632, 481 A.2d 1268, 1270 (1984). On review, we will make all reasonable inferences in support of the court's judgment. *Id.*

In applying this principle of appellate practice, the Connecticut Supreme Court recently held that it will not assume that the trial court acted incorrectly when the standard of proof is not stated. *State* v. *Thompson,* 197 Conn. 67, 81, 495 A.2d 1054, 1063 (1985) (citation omitted). We refuse to indulge in such assumptions as well. Defendants did not make any reference to the clear and convincing standard of proof in their requests to find, nor did they file a motion to amend the findings. Moreover, they have not pointed to anything in the record which would indicate that the trial court misapprehended this issue. In sum, although we agree that the better practice would be to set forth the applicable standard of proof, failure to do so is not per se reversible error.

Our review of the record here reveals evidence that fairly and reasonably supports the trial court's findings in all respects. Assuming, as we do, that the trial court applied the correct evidentiary standard, these findings adequately support the trial court's determinations on liability. See *Lincoln* v. Emerson, 137 Vt. 301, 303, 404 A.2d 508, 510 (1979) ("it [is] for the trial court to determine whether the evidence in question was clear and convincing"). Thus, we deny defendants' claim of error.

## III.

Defendants' final assignment of error is without merit. The pertinent facts are as follows. The trial court permitted plaintiffs to call a late-arriving witness out of order. In the interim, defendants argued a motion to dismiss with the understanding that their argument would not be rebutted by this witness' testimony. This understanding was premised, however, on defendants' representations to the court that their motion would not be affected by tes-

timony yet to be heard. As defendants' motion related to the condition of the wiring, a subject matter to be addressed by plaintiffs' late-arriving witness, the court allowed this witness to testify in rebuttal.

■ Vermont Rule of Evidence 611(a) provides that the court has the power to control the introduction and order of evidence. Trial courts are typically afforded broad discretionary latitude in this area. Their decisions will not be disturbed on appeal unless the party can show an abuse of discretion resulting in prejudice. See *State* v. *Tatko,* 119 Vt. 459, 463-64, 128 A.2d 663, 666 (1957) (Rules governing the conduct of trials do not have the effect of conferring a right of the parties to any established pattern; they yield to the discretion of the trial judge when the circumstances demand it.). Defendants here have not shown that the trial court abused its discretion in allowing plaintiffs' late-arriving witness to rebut their motion to dismiss as they both knew of plaintiffs' intention to call this witness and the purpose of his testimony when they presented such motion to the court.

*Affirmed.*