*Matz v. Wilder*, No. 337-6-18 Wncv (Teachout, J., Aug. 27, 2018).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 337-6-18 Wncv** |

**JOSEPH MATZ AND SHELLEY MATZ**
    **Plaintiffs**

    **v.**

**THURMAN WILDER et al.**
    **Defendants**

### DECISION
### Defendants' Motion to Dismiss

Plaintiffs Joseph Matz and Shelley Matz allege that Defendant Big Rock Landscape, LLC, installed a retaining wall along the driveway at their home in a "faulty" manner that now requires expensive repairs and has refused to make those repairs.[1] Big Rock has taken the position that its installation work is not at fault. Along with breach of contract and breach of an express 5-year warranty, Plaintiffs allege violations of the Vermont Consumer Protection Act (CPA), 9 V.S.A. §§ 2451–2482d, and the Federal Trade Commission Act (FTC), 15 U.S.C. § 45. Big Rock has filed a motion to dismiss arguing that, while there is a straightforward contract claim in this case, there is no cognizable CPA claim because there is no alleged actionable fraud or misrepresentation extrinsic to the contract. It argues further that there is, as a matter of law, no private right of action under the FTC.

It generally recognized that there is no private right of action under the FTC. D. Pridgen and R. Alderman, Consumer Protection and the Law § 12:44. In response to Big Rock's motion to dismiss on this issue, Plaintiffs neither came forward with any contrary authority nor addressed the issue at all. In these circumstances, the court declines to address the matter in more detail. Big Rock is entitled to dismissal of this count.

Big Rock also is entitled to dismissal of the CPA count. The parties dispute the workmanship of the installation of the retaining wall. That is an ordinary contract dispute only. It does not sound in fraud or misrepresentation. See *EBWS, LLC v. Britly Corp.,* 2007 VT 37, ¶ 28, 181 Vt. 513 (allegations of "poor construction" insufficient to support a CPA claim); *Winey v. William E. Dailey, Inc.*, 161 Vt. 129, 136 (1993) ("We have cautioned against confusing principles of contract with principles of fraud so that the elements of fraud are made out by a mere breach of contract."); *Bevins v. King*, 147 Vt. 203, 204 (1986) (independent cause of action for fraud must be predicated on fraud that is "extrinsic" to the contract).

---

[1] Plaintiffs also named as defendants Big Rock's principals, Thurman Wilder and Harmony Wilder. The Wilders' personal liability is not at issue at this time. For purposes of this decision, the court refers collectively to all defendants as Big Rock.

ORDER

For the foregoing reasons, Big Rock's motion to dismiss is granted.

Dated at Montpelier, Vermont this _____ day of August 2018.

_____
Mary Miles Teachout,
Superior Judge

2