VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      25-AP-155

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

DECEMBER TERM,   2025

Kara Henry v. Jason Carrara\*

}  APPEALED FROM:
}
}  Superior Court, Windsor Unit,
}  Family Division
}  CASE NO. 23-DM-02710
    Trial Judge: Lisa Warren

In the above-entitled cause, the Clerk will enter:

Husband appeals the property and spousal-maintenance awards made by the family division in its final order of divorce.  We affirm the property award and the determination that wife is entitled to spousal maintenance, but remand for the family division to specify whether the maintenance award is rehabilitative or permanent in nature.

The court made the following findings in its order.  Wife is thirty-four years old and husband is forty-one years old.  The parties were married in 2018 and have one child together, A.C., who was born in 2018.  Husband adopted L.C., wife's daughter from a previous relationship.  L.C. was born in December 2014.

In 2023, husband was charged with lewd and lascivious conduct with a child for touching L.C.'s vagina.  He pled guilty in September 2024 and received a seven-to-twelve-year sentence, all suspended except for two years' imprisonment.  Wife filed for divorce after husband's criminal charges were filed.

The parties lived comfortably during the marriage.  Husband was self-employed as the owner of a trucking company and was the primary breadwinner.  His adjusted gross income for 2022, 2023, and 2024 ranged between $207,551 and $229,232.  During husband's incarceration, his parents operated his business for him without pay.  Wife worked as a medical assistant at Dartmouth Hitchcock Medical Center.  Her annual income was approximately $47,648.  Wife's monthly expenses totaled $4799, plus $1350 for the children.  Husband continued to have monthly expenses of $452 during his incarceration for property maintenance but these were paid by his business.

The marital estate included three parcels of real property titled in husband's name. The marital home in Chester, Vermont was worth $281,900 and was subject to a mortgage of $124,287. Husband owned property on Upper Bartonsville Road in Rockingham consisting of approximately nine acres with a log cabin, where his parents lived, as well as a garage for husband to perform maintenance on his equipment. The property was worth $365,500 and husband's parents held a leasehold interest in the property for advancing $170,000 toward the purchase price. Husband also owned a six-acre parcel of land with a shed on Route 103, which husband used for storage for his business and was valued at $40,200.

There was no evidence of the value of husband's business. Wife had a retirement account valued at $43,300 and husband had a retirement account valued at $13,673. Husband also owned various items of large equipment used for the business, each of which were subject to debt equivalent to their entire value.

After considering the factors set forth in 15 V.S.A. § 751(b), the court awarded wife real and personal property with a total value of $163,990.81. This included the Route 103 property, $50,000 of equity in the marital home, wife's retirement account, and some items of personal property. It awarded husband the marital home, subject to wife's $50,000 interest, as well as the property on Upper Bartonsville Road, the proceeds from the Jeep he sold after the parties separated, his checking and retirement accounts, and the property owned by his business. It made husband solely responsible for the mortgage on the marital home as well as his personal and business loans.

The court found that wife was entitled to spousal maintenance because her income was barely sufficient to meet her and her children's needs, she was unable to support herself at the standard of living established during the marriage, and she was the children's custodian. However, husband was currently unable to pay maintenance due to his incarceration. The court therefore ordered spousal maintenance of $1.00 per month beginning on May 1, 2025, and indicated that wife could file a motion to modify maintenance upon father's release. This appeal followed.

We first address husband's claim that the court abused its discretion in awarding wife the Route 103 property. Husband argues that he acquired the property before the marriage, it was used exclusively for his trucking business, and wife indicated she was not interested in it.

Section 751 of Title 15 requires the family division to "equitably divide and assign" marital property and sets forth twelve factors the court may consider. "The trial court has wide discretion in considering these factors, and its decision will be upheld unless its discretion was abused, withheld, or exercised on clearly untenable grounds." Jakab v. Jakab, 163 Vt. 575, 585 (1995). "The court need not specify the weight given to each factor, but is required only to provide a clear statement as to what was decided and why." Id.

We see no abuse of discretion in the court's decision to award wife the Route 103 property. The court weighed the statutory factors, including the fact that husband was the party through whom all real property had been acquired, and the fact that he had abused the parties' child. It concluded that an equitable award to wife was $163,990. This represented approximately a quarter of the net marital assets. Because the marital estate consisted primarily of real property and the equipment used in husband's business, it was necessary for the court to

assign wife some property that was titled in husband's name. While husband argues that wife had no use for the Route 103 property, the property was assessed at $40,200 and could be sold if wife needed funds. We are therefore unpersuaded that the court abused its discretion in awarding wife the property.

We turn to the spousal maintenance award. The family division may award spousal maintenance, "either rehabilitative or long term in nature," when it finds that a spouse "lacks sufficient income or property, or both . . . to provide for his or her reasonable needs" and the spouse "is unable to support himself or herself through appropriate employment at the standard of living established during the civil marriage." 15 V.S.A. § 752(a). "The family court has considerable discretion in determining the amount and duration of maintenance once grounds for the award are established under the statutory criteria, and a maintenance award will be set aside only if there is no reasonable basis to support it." Gravel v. Gravel, 2009 VT 77, ¶ 23, 186 Vt. 250.

Husband does not challenge the family division's determination that wife qualified for some amount of spousal maintenance under 15 V.S.A. § 752(a) because she had difficulty meeting her expenses, was unable to support herself at the relatively high standard of living established during the marriage, and was the children's custodian. Further, husband does not dispute that the court had authority to "award maintenance in a nominal amount, to preserve the court's ability to modify the award later in the event of a 'real, substantial, and unanticipated change in circumstances.' " Arbuckle v. Ciccotelli, 2004 VT 68, ¶ 8, 177 Vt. 104. Husband argues, however, that the award must be reversed and remanded because the court failed to indicate whether it was intended to be rehabilitative or permanent in nature.

"In a case where maintenance is appropriate, the court may award rehabilitative maintenance, permanent maintenance, or a blend of the two, as the circumstances of the case warrant." Weaver v. Weaver, 2017 VT 58, ¶ 15, 205 Vt. 66. "Rehabilitative maintenance is intended to assist the recipient spouse in becoming self-supporting," and is therefore limited in duration. Id. ¶ 16. Permanent maintenance, in contrast, is an indefinite award that ends upon the death of either spouse or the recipient spouse's remarriage. Justis v. Rist, 159 Vt. 240, 242 (1992). The court may award permanent maintenance "where the evidence does not support a finding that the recipient of rehabilitative maintenance will be able to support him or herself at the standard of living established during the marriage." Weaver, 2017 VT 58, ¶ 17.

The family division here stated that "[a] maintenance award would likely be short term," because the statutory guidelines suggest that a maintenance award of one-to-five-years' duration is appropriate for a marriage that lasted less than ten years. 15 V.S.A. § 752(a). The court also found that after husband's release from prison, he "would be able to meet his reasonable needs while also meeting the needs of [wife] and the children for some duration of time." These statements imply that the maintenance award was intended to be rehabilitative. However, the court did not set a time limit on the award. "[W]hen rehabilitative maintenance is appropriate in light of the circumstances and the factors listed in § 752(b), the court must impose a time limit." Cleverly v. Cleverly, 147 Vt. 154, 159 (1986). "This Court will remand for clarification if there is uncertainty on whether a spousal maintenance award is permanent or rehabilitative." Boisclair v. Boisclair, 2004 VT 43, ¶ 8 n.1, 176 Vt. 646 (mem.), overruled in part on other grounds by Pouech v. Pouech, 2006 VT 40, 180 Vt. 1. We therefore remand the decision to the family

3

division for it to specify whether the maintenance award is rehabilitative or permanent and, if rehabilitative, to set a time limit on the award.

Remanded for the family division to specify whether maintenance is rehabilitative or permanent in nature and set a time limit if appropriate; otherwise, affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice