**Robert J. LaFarr v. Priscilla M. LaFarr**
**Priscilla M. LaFarr v. Robert J. LaFarr**

[315 A.2d 235]

No. 81-73

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed February 5, 1974

*C. N. Monaghan, Esq.,* St. Albans, for Robert J. LaFarr.

*James R. Flett, Esq.,* Vermont Legal Aid, Inc., St. Albans, for Priscilla M. LaFarr.

Smith, J. Each of the above parties was awarded a divorce from the other by the Franklin County Court on the grounds of living separate and apart for more than six months. The appeal here is taken by Robert J. LaFarr, hereinafter called the appellant, from the order of the lower court which awarded all the jointly owned real property to Priscilla M. LaFarr. Also appealed is the order of the court granting alimony payments of $60 per month to the appellee, as well as support payments of $80 each to the two minor children of the parties residing with the appellee at the time of the divorce hearing.

The parties, who were married in 1941, are the parents of eight children, only two of whom, at the time of the order below, were still minors. The appellee is receiving support for herself and her minor children by a grant from the Department of Social Welfare in the amount of $250 per month. The appellant is retired from the Central Vermont Railroad Corporation and receives a pension of $313 per month for his own support and in addition is receiving $160 per month for the support of his two minor children. The parties jointly own a house and approximately six acres of land in Highgate, Vermont.

The jointly owned property of the parties, awarded to the appellee, consists of a house, barn, furnishings and approximately six acres of land. The lower court found that the value of the premises was between $12,900 and $35,000, the lower figure being that given in evidence by a real estate appraiser and the larger figure being that given by the appellant in his testimony. The original property, bought for $2,200, has been reduced by the sale of three parcels for which $6,400 was received, which sum was retained by the appellant for his own use. The lower court found that both parties had improved the premises. Such findings are supported by the evidence.

What the appellant seems to be saying in his brief and argument to this Court is that the lower court, in awarding both the $60 as well as the property to the appellee, has abused its discretion. It does not appear that he specifically objects to the award of alimony, but seeks to have at least part of the property decreed to the appellee awarded to him.

■ The disposition of property in divorce proceedings is governed by 15 V.S.A. § 751, and the awarding of alimony by 15 V.S.A. § 754. The division of property is a matter of wide discretion in the trial court and it may decree such property as it deems just, whether held separately, jointly or by entirety. Unless it appears upon review that such discretion has been withheld or abused, the decree, as made, must stand. *Segalla* v. *Segalla*, 129 Vt. 517, 527, 283 A.2d 237 (1971), and cases cited therein.

■ The same principles are applied in a decree for alimony, with the court having a wide discretion. *Lafko* v. *Lafko*, 127 Vt. 609, 617, 256 A.2d 166 (1969).

■ The findings below are that the appellant, a retired railroad employee, was receiving a pension in the amount of $313 per month for his support, and in addition, has been receiving from the same pension source $160 per month for the support of his two minor children. He is the owner of a fully-paid-for Chevrolet automobile and resides in a hotel in St. Albans, Vermont. The findings also disclose that the appellee is unemployed, and has supported herself and two minor children by a grant from the Department of Social

Welfare in the amount of $250 a month. The appellant has failed to show an abuse of discretion on the part of the lower court in that part of its order relative to its award of alimony and property to the appellee, and, under the findings of fact and evidence in the cause before us, we find none.

■ The last briefed argument of the appellant is that the lower court erred in its award of $160 per month for the support of his then two minor children. His argument seems to be that although he received $160 per month under the Railroad Retirement Act "because of" his minor children, such Act does not require him to spend such sum on the support of his children and, further, that such funds are inalienable under 45 U.S.C.A. § 228*l*.

The short answer to the appellant's claim in this matter is that the lower court did not order him to turn over to the Department of Social Welfare the $160 that he was receiving from the Railroad Retirement Fund. The order of the lower court was that he was to pay to the Department of Social Welfare the sum of $80 per month, per minor child, with no specification that such payment should be made from the Railroad Retirement benefits received by the appellant. In fact, it appears from the record that one of such minor children, Dennis, has attained the age of 18 since these proceedings were started and the obligation of the appellant for child support would now be reduced to a payment of $80. The support order of the court did not subject the pension of the appellant to any legal process.

A search of the annotations under 45 U.S.C.A. § 228*l* does not reveal that the purpose of this statute is to protect delinquent or evasive husbands. Further, the case of *Philpott* v. *Essex County Welfare Board*, 409 U.S. 413, 34 L.Ed.2d 608 (1973), involved an attempt by the State of New Jersey to recover welfare payments paid to a person who subsequently received accrued retroactive Social Security benefits. That factual situation is entirely different from the one presented here where there is only a court order for support of minor children, with no specification from what source the appellant shall make such payments.

We find no abuse of discretion on the part of the trial court.

The order is: *Judgment Affirmed.*