## Glenn E. Trask v. Walter Granter and Joan Granter

[380 A.2d 73]

No. 20-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed October 31, 1977

*Harry A. Black* of *Black & Plante*, White River Junction, for Plaintiff.

*Young and Monte*, Northfield, for Defendants.

**Hill, J.** Plaintiff sued for work, labor and materials furnished for the construction of defendants' home in Braintree, Vermont. The defendants entered two counterclaims to the

action. The second counterclaim alleged a breach of the warranties of merchantability and fitness for particular use in the installing of an inadequate septic system.

In the spring of 1973 the parties entered into a verbal contract for the building of a house and garage by the plaintiff for the defendants on a site selected by the defendants. It was a cost plus materials contract although the plaintiff had estimated that he would be within a few hundred dollars of $36,000. The plaintiff inspected the site before construction but failed to take any percolation tests. When excavation for the foundation was commenced, excessive water was found. After consultation, the parties agreed that with the installation of drainage tile around the house construction could proceed. As part of the construction the plaintiff installed a standard septic system including a leach field.

On October 13, 1973, although the plaintiff had not completed his work on the house, the defendants moved in. On October 22, 1973, the defendants had been billed $41,505 and the house had still not been completed. A discussion took place and they agreed that plaintiff would complete the house inside and out for $12,500, plus materials.

Some two months after the defendants moved into the house, raw sewage was discovered on the ground above the leach field. The defendants then had another leach field installed by a different builder. The lower court found that the new leach field was larger and more elaborate than that installed by the plaintiff. The court also found the following:

> 30. Had a septic system such as that of Mr. Dimick [the more elaborate system] been installed originally, it would have added to the price between $2,300 and $2,400 as of the date the original system was installed.

The court in regard to the septic system issued Conclusion No. 3:

> The defendants are entitled to recover their expenditure of $2,926.50 for the modifications to the septic system, since the septic system installed by the Plaintiff was inadequate and improper for the soil and water conditions existing at the site.

It is from this conclusion and resulting order that plaintiff has appealed. He makes no objections to the Findings of Fact, but claims that Conclusion No. 3 is inconsistent with Finding of Fact No. 30. We agree.

■ The defendants contend that the measure of damages in either a breach of contract or a breach of warranty case is the reasonable cost of repair if the damage is remediable. *Bolkum* v. *Staab*, 133 Vt. 467, 470, 346 A.2d 210 (1975). Since the inadequate septic system was remediable, defendants argue, the proper measure of damages is the cost of remedy. However, in *Bolkum* v. *Staab*, *supra*, we noted that the "cost of repair" was the appropriate measure of damages only where it reflected the general damages standard for breach of contract: the difference between the market value of a house as built and the market value of the house as it should have been built. The case at bar is distinguishable from *Bolkum* v. *Staab*, *supra*, because here the inadequate work was completed and paid for under a cost plus materials contract. In this situation the general standard of damages does not apply, because unlike the set price contract, where the homeowner obliges himself to pay for a house as it should be constructed, here the builder promises (impliedly or expressly) to build a house as it should be built, but the homeowner is obligated to pay *only for what is actually built.*

The damages issue in this case is simply resolved if we apply the basic principles of the law of damages. Our goal in this case is to place the defendants in the same financial position, with regard to the septic system, as they would have been had the septic system been adequately constructed in the first place. *Miller* v. *Robertson*, 266 U.S. 243, 257 (1924); 22 Am. Jur. 2d *Damages* § 46, at 73. The trial court found as a matter of fact that if the more elaborate leach field had been installed originally, defendants would have had to pay between $2,300 and $2,400 more than they actually paid to plaintiff. Therefore, to place defendants in the position they would have been in had the original construction been successfully completed, we must allow them only the difference between what they should have had to pay ($2,300-$2,400) and what they actually paid ($2,926.50).

Defendants argue that this issue is governed by the contract of October 22, 1973, under which defendants agreed to pay plaintiff $12,500 "to complete house (inside and out)." We find no indication in the record or on the face of the agreement of

October 22 that it was intended to apply to additional work which neither party knew would be needed. Thus the set price contract does not change our analysis.

■ We hold that defendants' set-off for the expense of improving the septic system should be the difference between the expense of installing the new leach field and the additional expense which they would have incurred if the same type of leach field had been installed originally. Because the lower court did not make an exact finding of the latter sum, the case must be returned for new findings.

*Reversed and remanded for a rehearing on damages.*