### Mary Hogel v. Carl A. Hogel

[388 A.2d 369]

No. 28-77

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 6, 1978

*Jane A. Adams* and *Stephen H. Gilman,* Bennington, for Plaintiff.

*William C. Sennett,* Bennington, for Defendant.

**Per Curiam.** Appellant here complains of the lower court's distribution of property and award of alimony in a divorce proceeding.

Appellant was granted a divorce from her husband by order of the Bennington Superior Court. The court awarded appellant ownership of the homestead and most of its furnishings, valued by the court at $45,000.00. Appellant retained securities and bank accounts valued at $15,000.00, as well as other personal property held in her name. She was also awarded alimony from appellee in the amount of $200.00 per month for 24 months.

Appellee was awarded securities worth $11,000.00, the parties' 1971 Oldsmobile automobile, certain tools, articles of clothing, and items of sentimental value. He also received all rights under a note and mortgage from the purchasers of a bar/restaurant that the parties had operated jointly during their marriage. The court found that the note had a balance

due of $76,000.00, but was of doubtful collectibility. Finally, appellee retained his sole ownership of a hunting camp, valued at $10,000.00 but encumbered by a $5,300.00 mortgage, and part ownership of a resort, value at $20,000.00 but encumbered by a $27,000.00 mortgage.

Appellant claims that the evidence did not support the lower court's findings with regard to payments made to appellant by appellee after their separation, the collectibility of the note and the values of the homestead, hunting camp (and mortgage thereon) and resort (and mortgage thereon).

Findings must stand if there is any evidence tending fairly and reasonably to support them. V.R.C.P. 52(a). Our review of the record reveals sufficient evidentiary support for all of the challenged findings, except that regarding the amount outstanding on the mortgage of the resort partly owned by appellee.

██ Appellee testified at trial that the four owners purchased the resort property for $39,500.00, of which they contributed $12,000.00, the remainder ($27,500.00) being obtained through a mortgage loan. Appellee further testified that payments of $75.00 per month were being made on the property, but it is unclear where those payments were going and whether they were made by each co-owner or by the group as a whole. In response to appellant's interrogatories prior to trial, appellee stated that the mortgage on the resort property "is . . . in the amount of $24,000.00." We conclude, therefore, that the lower court's finding as to the amount of the mortgage on the resort property is not supported by the evidence.

 This does not mean that the court's distribution of property and award of alimony must be struck down. There was evidence sufficient to show that the mortgage outstanding on the resort property was in an amount greater than $20,000.00. The court found, justifiably, that the market value of the resort property was $20,000.00. In any event, therefore, appellee's equity in that property was zero. The distribution of property in a divorce proceeding is not an exact science. Such distributions are required only to be equitable, and wide discretion is vested in the trial court. *LaFarr* v. *LaFarr*, 132

Vt. 191, 193, 315 A.2d 235, 236 (1974). We do not think that amendment of the finding as to the amount of the mortgage outstanding would affect the distribution of property in this case. When a party objecting to a finding was not harmed by the alleged error in the finding, the objection will not be considered. *Vermont Marble Co.* v. *Eastman,* 91 Vt. 425, 440, 101 A. 151, 157 (1917).

Appellant also contends that the lower court abused its discretion in its decisions regarding the distribution of property and the award of alimony. Such decisions must be made with reference to 15 V.S.A. §§ 751 and 754. These sections direct the court to distribute property and award alimony justly and equitably. They also provide certain criteria which a court should take into account in making these decisions. We have often held that a trial court has wide discretion, within the limits set by sections 751 and 754, in its awards of property and alimony. E.g., *Young* v. *Young,* 134 Vt. 87, 89, 349 A.2d 225, 227 (1975); *LaFarr* v. *LaFarr, supra,* 132 Vt. at 193, 315 A.2d at 236.

▮ Appellant in this case received property valued by the court at an amount greater than $60,000.00, plus $4,800.00 in alimony. Appellee received a possibly uncollectible note with a face value of $76,000.00, securities and personal property worth over $11,000.00, and real properties with a total equity of $4,700.00. Although the court found that the parties contributed jointly to the increased value of both the bar/restaurant and the homestead, both properties were originally contributed by the appellee. Under these circumstances, we cannot say that the property distribution and alimony award of the lower court constituted an abuse of discretion.

*Affirmed.*