### Kathleen P. Sullivan v. Jeffrey B. Sullivan

[409 A.2d 561]

No. 54-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed November 5, 1979

*McCarty & Rifkin,* Brattleboro, for Plaintiff.

*Arthur J. O'Dea, P.C.,* Manchester Center, for Defendant.

**Larrow, J.** The defendant husband appeals from a judgment of divorce, attacking the provisions thereof relating to disposition of real estate owned by the parties by the entireties. He claims abuse of discretion in arriving at the findings and conclusions, and uncertainty and indefiniteness in the pertinent terms of the judgment. A careful review of the record convinces us that both claims are without substance, and we affirm.

The parties were married in June of 1976, when defendant's first marriage was terminated by divorce. Prior to their marriage, they had cohabited about one year. During that period, defendant sold a home owned by him, sharing none of the proceeds with plaintiff. Ordinary living expenses were split between them, both being employed, although after sale of the home, they lived rent-free in a chalet owned by plaintiff's parents. In 1975, defendant formed a private corporation, with himself as sole stockholder, to sell and rent skis and related equipment. He leased premises in Jamaica, Vermont, with an option to buy for $200,000, and conducted the business thereon. There were apartments on the premises, and the parties added another through joint effort, which they furnished and moved into. The purchase option was exercised in September 1976 with no cash down, a $110,000 bank mortgage, and a $90,000 second mortgage back to the seller. At the bank's insistence, title was taken by the entireties and plaintiff was a party signatory to the mortgage notes. She also signed, with the defendant, another note to the bank for a $15,000 inventory loan. A $35,000 loan for working capital was later secured by defendant without plaintiff's signature.

Defendant testified that the business made little or no profit, but the court refused to so find based on substantial travel and entertainment charges, an inventory approaching

$110,000, at wholesale value, plus the procurement of the $35,000 working capital loan without collateral. Apart from wages paid during a brief period when she worked for the business, plaintiff received nothing from the property except joint living quarters in one apartment, although the entire building was used for corporate purposes. The corporation paid no rent.

The judgment order left the corporation in the ownership of the defendant. Based upon stipulation that the fair market value of the real estate was $210,000 and the mortgage debt $188,400, the court found a real estate ownership equity of $21,600. After disposing of miscellaneous personal items, it ordered (a) that the defendant relieve plaintiff, and hold her harmless, from liability on the $15,000 inventory note; (b) that he pay her $10,800 within ninety days, and "remove her name" from the mortgage notes, holding her harmless on such notes, and receive title to the real estate; (c) that, failing such payment, plaintiff have ninety days to pay defendant $10,800, upon similar terms, and (d) that if neither party exercises the purchase option, the real estate shall vest in them as tenants in common, subject to existing liabilities on the mortgage notes.

A review of the record reveals no abuse of discretion in either the findings or the judgment order. Defendant complains of the finding that he did not share with plaintiff the proceeds of the premarital sale of his home, and the court's statement that this fact was "important." The accuracy of the finding is not questioned, and the fact is indeed important, not because of any claim of right to participate in such proceeds, but because such participation, had it existed, would have been an important factor in establishing equities in the defendant under 15 V.S.A. § 751. Nowhere in the record does it appear that plaintiff claimed any right to part of these sale proceeds, as such, or that the trial court entertained any belief she was so entitled.

The trial court did permit the repetition, over objection, of some of plaintiff's testimony, after a week's recess and trial of another case. No bias appears in this ruling, made as a matter of trial convenience, and the objection briefed borders on the frivolous. It is not sustained. Nor does any

claim of "predisposition" against the defendant appear to be supported by the record. Comments by the court about receiving unemployment benefits during the slack summer business periods were equally applicable to both parties. And the fact that the trial court awarded plaintiff some $800 more for her "share" than she requested does not evidence bias; later cross-examination revealed considerable more business value than had been represented to her, as well as numerous fringe benefits accruing to the defendant from the business operation. Nothing in the trial record suggests anything other than an even-handed approach by the trial court and a result completely consistent with equitable considerations. No abuse of discretion appears. *Hogel* v. *Hogel*, 136 Vt. 195, 197–98, 388 A.2d 369, 370 (1978) ; *LaFarr* v. *LaFarr*, 132 Vt. 191, 193, 315 A.2d 235, 236 (1974).

█ Nor do we find any merit in defendant's contention that the judgment order is uncertain and lacking in definiteness. It provides for every contingency. It does not order an undesired sale, *vanLoon* v. *vanLoon*, 132 Vt. 236, 241–42, 315 A.2d 866, 869–70 (1974), but provides for a tenancy in common should both parties not exercise their options to purchase. The "removal of name" provision with respect to mortgage note liability is a common expression for refunding. While it may present difficulties and require the consent of the holder, it is not, as defendant argues, a legal "impossibility." Nor does it make the obligation immediately due and payable, as he asserts. The order contemplates the practical difficulties, and provides for the contingency that they may be insuperable, *i.e.*, a resultant tenancy in common with liabilities unchanged.

None of the grounds asserted present any substantial reason for reversal. We must, however, remand for a new order altering the times for exercise of the options contained in the judgment order to reflect the periods of stay occasioned by the appeal.

*Cause remanded for entry of new judgment order altering the times for exercise of the purchase options by the parties; judgment order affirmed in all other respects.*