## David S. Hodgdon, Sr. v. Earl Stockwell

[417 A.2d 931]

No. 244-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 16, 1980

*Donald Arbitblit* of *Langrock Sperry Parker & Stahl,* Middlebury, for Plaintiff.

*McCarty & Rifkin,* Brattleboro, for Defendant.

**Daley, J.** This is an appeal from a judgment entered upon a defendant's verdict in a civil action for negligence. Plaintiff's complaint alleged that at the time of the accident he was working for defendant at his paper mill. The complaint then set out eight numbered paragraphs, each specifically related to a claim that defendant negligently allowed plaintiff to work around and with a forklift which, because of its defective condition, rolled onto plaintiff, causing the injuries alleged.

In the course of trial, plaintiff testified that he had been welding at the time of the accident, and he then attempted to qualify a witness as an expert on welding safety procedures, with the purpose of showing that it was customary in the industry for one person to act as a "fire watch" around welders. According to plaintiff's offer of proof, because welders are virtually blinded by their welding helmet and face shield, the fire watch is used to look both for fires and for other hazards around the welder. Defendant objected to admission of this line of evidence on the grounds of immateriality and ir-

relevancy, and claimed surprise because nothing in the pleadings gave notice of this issue. The court ruled the evidence inadmissible. Plaintiff appeals, claiming that this ruling constitutes prejudicial error. We disagree, and affirm.

Under the Rules of Civil Procedure, the complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." V.R.C.P. 8(a). No technical forms of pleading are required, V.R.C.P. 8(e)(1); the purpose of the complaint is to put the defendant on fair notice of the claim against him, see *Sheltra* v. *Smith,* 136 Vt. 472, 476, 392 A.2d 431, 433 (1978).

In this case, however, the complaint repeatedly and unequivocally alleges a claim based on negligently allowing a defective forklift to be used around the work place. Failure to provide a fire watch, or failure to take safety precautions generally, are simply not mentioned. This complaint does not put the defendant on notice that failure to provide a fire watch is part of the case, and therefore it is not part of the case. Accordingly, the evidence was properly excluded as immaterial, since it does not tend to prove any fact placed in issue by the pleadings.

It is true that under V.R.C.P. 15(b) evidence outside the scope of the pleadings may be treated as raised by the pleadings. But this portion of the rule applies only "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties . . . ." *Id.* The appropriate course in a case like this, where objection is made to the evidence, is to move for amendment of the pleadings, which shall be granted barring a showing of prejudice by the opposing party. V.R.C.P. 15(a), (b); *Battenkill Construction Co.* v. *Haig's, Inc.,* 133 Vt. 503, 506, 346 A.2d 213, 215 (1975). We need not consider whether amendment would have been appropriate here, however, because plaintiff failed to so move.

*Judgment affirmed.*