## James E. Kingsbury v. Dale K. Kingsbury

[523 A.2d 1246]

No. 85-270

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed January 23, 1987

*Natt L. Divoll, Jr.*, Bellows Falls, for Plaintiff-Appellant.

*L. Raymond Massucco*, Bellows Falls, for Defendant-Appellee.

**Per Curiam.** Plaintiff challenges the award in a divorce decree of $4,000 to his wife as her share of a parcel of land the parties owned in Rockingham. We affirm.

The issue of property distribution was the only one not settled between the parties by stipulation prior to the action below. Plaintiff's major argument for reversal is that defendant was at fault in the divorce, based on his assertion that she left the marital home with a boyfriend. Though acknowledging that the "respective merits of the parties" under 15 V.S.A. § 751 is just one factor to be weighed together with other relevant factors in framing a property award, plaintiff argues that the trial court erroneously failed to take due notice of defendant's "flagrant adulterous situation," relying on *Allen* v. *Allen*, 132 Vt. 182, 315 A.2d 459

(1974), and *Daitchman v. Daitchman*, 145 Vt. 145, 483 A.2d 270 (1984).

Our instruction to trial courts to consider all of the factors enumerated in § 751(b) leaves the weight given to each separate factor within the court's sound discretion. See *LaFarr v. LaFarr*, 132 Vt. 191, 193, 315 A.2d 235, 236 (1974). The trial court made no specific findings on the "respective merits of the parties," and it appears that plaintiff requested none. See V.R.C.P. 52(a). In the absence of findings, we will "make a broader examination of the record, at least to the extent of references contained in the briefing, than might otherwise be necessary." *Kaplan v. Kaplan*, 143 Vt. 102, 105, 463 A.2d 223, 225 (1983).

It is clear on the record that some evidence of the fault of both parties was before the court. Plaintiff's argument is based strictly on his version of the evidence, and does not support his argument for abuse of discretion. Given this state of the evidence, there is insufficient basis to support plaintiff's attack on the exercise of discretion as to a particular factor under § 751.

Finally, plaintiff contends that defendant's proper share of the property should have been $3,323, exactly half the parties' total equity, rather than $4,000, and this entire appeal concerns only a difference of $677. Even with a detailed set of findings, plaintiff would have no basis to claim an abuse of discretion based on a property award that deviated so minimally from an exact 50-50 division. *Hogel v. Hogel*, 136 Vt. 195, 198, 388 A.2d 369, 370 (1978).

*Affirmed.*