### Real J. Desrochers d/b/a Real J. Desrochers Excavating v. Robert and Rose Perrault

[535 A.2d 334]

No. 85-091

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed October 9, 1987

---

*Gregory P. Howe*, Newport, and *Michael Rose* (On the Brief), St. Albans, for Plaintiff-Appellee.

*Rexford & Kilmartin*, Newport, for Defendants-Appellants.

**Peck, J.** This case involves an action on a contract for excavation and septic system work. Plaintiff-contractor, Real J. Desrochers, alleged nonpayment, and defendants, Robert and Rose Perrault, counterclaimed for damages, maintaining that plaintiff's work was defective. The trial court entered judgment for plaintiff, and defendants brought this appeal. We affirm.

On appeal, defendants raise two issues. First, they claim error in the court's denial of their post-judgment motion to amend their pleadings by adding a claim of fraud. Second, defendants challenge several of the court's findings of fact.

In the spring of 1981, plaintiff and defendants negotiated and orally agreed to a contract whereby plaintiff would excavate a house site, provide gravel for drainage and install a septic system. Plaintiff submitted a proposal listing the elements of the job and prices, but neither party signed the proposal. The court found, however, that the parties believed they had entered into a binding contract with a set price of $1,975.

While the work progressed, defendants, who oversaw the work daily, requested a larger cellar hole and agreed to pay for extra

gravel needed for back filling. Although plaintiff did not witness the installation of additional gravel, notes kept by employees indicated the gravel was supplied.

Plaintiff also installed a septic tank and leach field. There was evidence that the septic system failed, spilling effluent onto the surface of the land, and the court found that plaintiff's work was defective. Plaintiff also failed to rough grade the lot.

After plaintiff rejected a $1,500 payment by defendants, litigation ensued. During the trial, defendants sought to introduce into evidence plaintiff's notes from a phone conversation in which the parties negotiated the terms of the contract. Defendants asked that the notes be admitted to show fraud, specifically "underbidding" with intent to overcharge. Plaintiff objected on the grounds that a cause of action in fraud had not been pled, but defendants asserted they would amend their counterclaim. The court admitted the evidence only as it related to the parties' meeting of the minds, adding "whether it's going to be relevant on other matters, we'll see." Subsequently, no evidence was presented by either side on the issue of fraud, and defendants moved to amend their pleadings only after the trial was over and judgment rendered.

The court entered judgment for plaintiff in the amount of $1,795.00, plus $607.80 in lieu of interest, and denied defendants' counterclaim. The court measured damages by adding the price of the extra gravel, $630, to the contract price, $1,975, and by subtracting $540, "not earned on septic system," and $270, "not earned on rough grading." The "not earned" figures were equivalent to defendants' reasonable costs of repair.

Defendants moved to amend the findings, the decree, and the pleadings. All motions were denied, and defendants appeal.

Defendants' first argument on appeal is that the court abused its discretion in denying the motion to amend the pleadings by adding a counterclaim of fraud. In general, amendments to the pleadings are freely allowed where there is no prejudice to the parties and when the proposed amendment is not obviously frivolous or dilatory. *Bevins* v. *King*, 143 Vt. 252, 254-55, 465 A.2d 282, 283 (1983); V.R.C.P. 15. Nevertheless, motions to amend fall within the scope of the trial court's discretion, and its action thereon will not be disturbed unless it appears that the trial court abused this discretion. *Bevins*, 143 Vt. at 254, 465 A.2d at 283. We find no abuse of the discretion here.

■ Pleadings may be amended, even after judgment, so as to conform to the evidence only when an issue not raised by the pleadings has been tried by express or implied consent of the parties. *Hodgdon* v. *Stockwell*, 138 Vt. 473, 474, 417 A.2d 931, 932 (1980); V.R.C.P. 15(b). Here, plaintiff objected to defendants' single attempt to introduce evidence of fraud. Thereafter, none of the parties introduced evidence or raised the issue again. Defendants argue that plaintiff's testimony about the parties' agreement was relevant to the issue of fraud. However, a post-judgment amendment which brings in an entirely extrinsic theory, or changes the theory on which the case was actually tried, is not permissible; this is true even where there is evidence in the record, introduced as relevant to some other issue, which could support the amendment. 3 Moore's Federal Practice ¶ 15.13[2] (1985). Moreover, there is no indication in the record that the trial court considered a claim of fraud to be involved. In this instance, allowing the amendment would have been prejudicial to plaintiff and, therefore, the court acted within the bounds of its discretion in denying the motion.

■ Defendants' second argument on appeal is a challenge to the court's findings of fact and conclusions of law. A lower court's findings will not be set aside unless, taking the evidence in a light most favorable to the prevailing party and excluding the effects of modifying evidence, the findings are clearly erroneous. V.R.C.P. 52(a); *Vieweger* v. *Clark*, 144 Vt. 630, 632, 481 A.2d 1268, 1270 (1984). "Even when there is substantial evidence to the contrary, the findings must stand if supported by credible evidence." *Vieweger*, 144 Vt. at 632, 481 A.2d at 1270 (citing *In re Norris Trust*, 143 Vt. 325, 327, 465 A.2d 1385, 1387 (1983)).

Among the numerous disputed findings, defendants include those relating to damages, cost of repair and the terms of the agreement, on the grounds that they are unsupported by the evidence. Upon reviewing the record, however, we disagree and conclude that these findings are amply supported by the evidence.

Defendants next challenge the court's finding that they requested a larger cellar hole and agreed to pay for extra gravel. They argue that the parties' agreement could not be modified orally because of standard language on the proposal form requiring written modifications. This issue was not raised below and will therefore not be considered on appeal. *Alexander* v. *Dupuis*, 140 Vt. 122, 125, 435 A.2d 693, 695 (1981).

In the most substantial challenge, defendants question the court's method of measuring damages and the disposition of their counterclaim. Defendants argue primarily that the trial court erred by denying defendants' counterclaim for breach by defective work while at the same time finding that part of plaintiff's performance was, in fact, defective. This inconsistency, defendants contend, led the court to incongruous theories of recovery. As a result, defendants maintain they should prevail on the counterclaim, receiving damages measured by the reasonable cost of reconstruction. Ordinarily, the trial court's conclusions will be upheld where supported by the findings; however, conclusions not supported by the findings cannot stand. *Dartmouth Savings Bank* v. *F.O.S. Associates*, 145 Vt. 62, 66, 486 A.2d 623, 625 (1984). The trial court's denial of the counterclaim is inconsistent with its own findings, and thus, constitutes error.

Regardless of this technical error, however, we see no injury resulting to defendants. The court, in calculating damages, applied defendants' reasonable cost of repair as a set-off against the judgment for the plaintiff. In effect, the court appears to have considered the counterclaim and the plaintiff's claim together for purposes of its computations, and made an award to each party in accordance with their respective merits. Defendants were awarded the equivalent of damages consistent with the theory that if the contractor breaches, partially or totally, by defective construction, the owner is entitled to damages measured by the reasonable cost of reconstruction and completion. *VanVelsor* v. *Dzewaltowski*, 136 Vt. 103, 105-06, 385 A.2d 1102, 1104 (1978). In adopting this scheme, the court applied a basic principle of the law of damages, placing defendants in the same position in which they would have been had the septic system been adequately constructed in the first place. *Trask* v. *Granter*, 135 Vt. 465, 467, 380 A.2d 73, 75 (1977) (citing *Miller* v. *Robertson*, 266 U.S. 243, 257 (1924)). We cannot find that the court's denial of the counterclaim or its calculation of damages affected substantial rights of the parties, and therefore, the error is harmless. V.R.C.P. 61; *Hogel* v. *Hogel*, 136 Vt. 195, 198, 388 A.2d 369, 370 (1978).

In a related claim, defendants contend that the court failed to make adequate findings on their counterclaim, on their affirmative defense of failure of consideration, and on a theory allowing for plaintiff's recovery. Since the court made detailed findings on plaintiff's defective work and applied the cost of repair as set-off,

it can hardly be said to have failed to make findings on defendants' counterclaim and affirmative defense. As to the other alleged failure, the court correctly applied one of two alternative theories of contractual remedy recognized in *VanVelsor*, 136 Vt. at 105, 385 A.2d at 1104. Application of both theories would have led to double recovery. See *id.* at 105-07, 385 A.2d at 1104-05.

Defendants also claim it was error for the court to fail to make findings regarding fraud. In light of our decision that fraud was not an issue at trial, it is clear that the court need not have made findings unessential to the disposition of the case. See *Cota* v. *Town School Dist.*, 144 Vt. 633, 635, 481 A.2d 1267, 1268 (1984).

Lastly, the remainder of defendants' claims of error regarding the findings raises issues too trivial to merit consideration.

*Affirmed.*