*U.S. Bank N.A. v. Breer*, No. 717-10-12 Wncv (Teachout, J., August 3, 2015)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 717-10-12 Wncv** |

**US Bank National Association, Trustee**
    **Plaintiff**

    **v.**

**Bonnie Breer et al.**
    **Defendants**

### DECISION
### US Bank's Motion to Reconsider (MPR #11)
### Ms. Breer's Motion to Amend (MPR #15)

This case began as an ordinary residential foreclosure action filed by Plaintiff US Bank National Association as trustee of the securitization trust now holding the note on the mortgage loan to Defendant Bonnie Breer. Ms. Breer filed a counterclaim asserting fraudulent nondisclosure, consumer fraud, and constructive fraud. The fraud claims are based on Ms. Breer's allegations that US Bank and its predecessors in interest defrauded her by failing to disclose a banking industry conspiracy to artificially inflate (by direct manipulation) LIBOR, the London Interbank Offered Rate, which in turn inflated the monthly payment on her variable rate loan and forced her into default. She also alleges that Wells Fargo Home Mortgage, Inc., which originated the loan, failed to disclose to her when buying the home that it is in a high-risk flood zone and is worth far less than the purchase price, if it has any resale value at all, and that the breach is enforceable against US Bank. She filed an amended counterclaim reframing the counterclaim as a class action.

US Bank then filed a Rule 12(b)(6) motion to dismiss. It argued that there is no basis for imputing knowledge of LIBOR manipulation to Wells Fargo or US Bank, that Wells Fargo had no duty to disclose that the house was in a flood zone or may be unmarketable, and that, in all events, US Bank is a holder in due course under the UCC and took the note free of any such claims or defenses. In a brief entry, the court explained that the Rule 12(b)(6) standard was not met because the court, after review of each count, could not "conclude that as to any count, there are no facts or circumstances that would entitle Defendant to relief," and denied the motion in total.

US Bank then filed a motion to reconsider, emphasizing its dismissal arguments and further arguing that: (1) the amended counterclaim violates Rule 9 because allegations of fraud are not pled with particularity; (2) there is no damages claim against US Bank because the note was assigned to US Bank after it was modified into a fixed rate loan; (3) US Bank cannot be held liable for ratifying any fraud of its predecessors; and (4) there is no allegation of an agency relationship by which a predecessor's fraud can be attributed to US Bank.

Ms. Breer then filed a second motion to amend the counterclaim, which US Bank opposes. The proposed second amended counterclaim retains the class LIBOR-manipulation claim. It removes the consumer fraud claim from asserted class status and retains it as a personal claim of Ms. Breer's. It then adds a new class claim. The new claim, as the court understands it, is that Wells Fargo, without disclosing the risks to its variable-rate borrowers, overwhelmed the national financial markets with adjustable rate, subprime loans with so low a probability of performing and in such great volume that the flood of bad debt itself drove interests rates up and caused LIBOR to skyrocket, which in turn caused unsustainably high monthly payments for variable rate borrowers, and ensured a wave of defaults including Ms. Breer's.

US Bank opposes the amendment for many of the same reasons it originally sought dismissal and now seeks reconsideration. It also argues that the new claim, which it characterizes as the "predatory lending" claim, is time-barred, the delay in asserting it is prejudicial, and the new claim is inadequately pled.

## Analysis

The Vermont Supreme Court has been clear that the pleading standard in Vermont is exceptionally minimal. See *Bock v. Gold*, 2008 VT 81, ¶ 4, 184 Vt. 575 ("the threshold a plaintiff must cross in order to meet our notice-pleading standard is 'exceedingly low'"); *Colby v. Umbrella, Inc.*, 2008 VT 20, ¶ 13, 184 Vt. 1 ("The complaint is a bare bones statement that merely provides the defendant with notice of the claims against it."). Most of US Bank's dismissal arguments attempt to point out perceived "missing" allegations or establish that the allegations that exist cannot as a matter of law support the purported claim. In a case with straightforward facts and conventional claims, such arguments might properly lead to dismissal even under Vermont's Rule 12(b)(6). The counterclaim in this case, on the other hand, is based on a complex set of factual circumstances and the claim is novel. Such claims are better "explored in the light of facts as developed by the evidence." *Alger v. Dep't of Labor & Indus.*, 2006 VT 115, ¶ 12, 181 Vt. 309. Whatever merit the counterclaim may prove to have once those facts are developed, dismissal is inappropriate at the notice pleading stage.

This is so despite the assertions of fraud and the higher pleading standard of Rule 9(b). While US Bank objects that Ms. Breer has not pled fraud with adequate particularity, the rule itself contains no standard by which particularity is measured. As Ms. Breer points out, allegations of nondisclosure inevitably will be more opaque than allegations of affirmative misrepresentation. The most commonly asserted rationale for the higher pleading standard in Rule 9(b) is that it "is necessary to safeguard potential defendants from lightly made claims charging the commission of acts that involve some degree of moral turpitude," the idea being that it "encourages a greater degree of pre-institution investigation" by the plaintiff. Wright & Miller, 5A Fed. Prac. & Proc. Civ. § 1296 (3d ed.) (WL updated April 2015). The allegations of fraud in this case, even if novel, do not on their face appear to be the product of abusive speculation as opposed to the good-faith investigations of her counsel.

Finally, the court notes that US Bank in fact seeks *dismissal* due to the perceived lack of particularity. Rule 9(b), however, is a pleading standard—it is not a rule of dismissal. "Courts infrequently dismiss with prejudice for a failure to plead with sufficient particularity, at least not

without providing an opportunity to replead.  To impose such a drastic sanction for a pleading defect arguably is at odds with the liberal approach the federal rules as a whole take to the pleading phase of litigation and could lead to injustice." *Id*. (footnotes omitted).  The court is not persuaded that US Bank's Rule 9(b) arguments support dismissal in this case.

Vermont's amendment standard also is liberal.  "[A]mendments to the pleadings are freely allowed where there is no prejudice to the parties and when the proposed amendment is not obviously frivolous or dilatory." *Desrochers v. Perreault*, 148 Vt. 491, 493 (1987).  US Bank argues that the amendment should be denied because: (1) the claims it contains are futile; (2) the newly pleaded claim should have been pled long ago; (3) the newly pleaded claim expands the scope of needed discovery; and (4) the newly pleaded claim will further delay the resolution of this case and thus prejudice US Bank.

For the reasons the amended counterclaim is not subject to dismissal, the court rejects the futility argument.  Otherwise, though US Bank filed this case in October 2012, it is a complex case that remains in its early stages; the issues are being joined, refined, and clarified.  The amendment does not come so late as to warrant rejecting it merely due to lateness and there is no showing that any expansion in the scope of discovery will cause prejudice.  The amendments proposed are not based on new facts or law but rather are reasonably related to the claims originally asserted.

US Bank also argues that any delay amounts to prejudice because Ms. Breer is using this litigation as a foil to live in the mortgaged premises for "free."  If Ms. Breer has ceased making payments, doing so merely increases the deficiency owed to US Bank when or if it eventually recovers.  To the extent that some or all of any such deficiency is uncollectible, it is an ordinary incident of foreclosure litigation.  There is no colorable argument that the amendment is an abuse of process designed to forestall an inevitable foreclosure.

**ORDER**

For the foregoing reasons, US Bank's motion to reconsider is *denied* and Ms. Breer's motion to amend is *granted*.

Dated at Montpelier, Vermont this 3rd day of August 2015.

_____
Mary Miles Teachout
Superior Judge

3